1

2

3

4
# UNITED STATES DISTRICT COURT

5
### EASTERN DISTRICT OF CALIFORNIA

6

7

8

9
MARCELINO VARELA,                    )        1:08-cv-01201-LJO-BAK-GSA HC
                                     )
10
        Petitioner,                  )        FINDINGS AND RECOMMENDATIONS TO
                                     )        GRANT RESPONDENT'S MOTION TO
11                                   )        DISMISS THE PETITION FOR WRIT OF
                                     )        HABEAS CORPUS   (Doc. 14)
12                                   )
                                     )
13      v.                           )        ORDER DIRECTING OBJECTIONS TO BE
                                     )        FILED WITHIN FIFTEEN  DAYS
14
J. HARTELY, Warden,                  )
                                     )
15      Respondent.                  )
_____)

16

17          Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

18
pursuant to 28 U.S.C. §  2254.

19          The instant petition was filed on August 5, 2008, in the United States District Court for the

20
Central District of California.[1]  (Doc. 1).  On August 15, 2008, the case was transferred to this Court.

21
(Doc. 4).   Petitioner is serving a sentence of fifteen years to life plus two years as a result of a 1986

22
_____

23          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
24
mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
25
Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
26
other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
27
Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for Petitioner's state petitions, as well as for the instant
petition, the Court will consider the date of signing of any petition (or the date of signing of the proof of service if no
28
signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule
for calculating the running of the statute of limitation. In this instance, that date is August 5, 2008.

1

1    conviction in the Superior Court of the County of Los Angeles for second degree murder.  (Doc. 1, p.

2    2).  Petitioner alleges that he was denied his constitutional rights by virtue of a July 7, 2005 decision

3    of the Board of Parole Hearings ("BPH") that found Petitioner unsuitable for parole.  (Id. at p. 15).

4    On October 17, 2008, the Court ordered Respondent to file a responsive pleading.  (Doc. 9).  On

5    December 16, 2008, Respondent filed the instant motion to dismiss, contending that the petition was

6    untimely.  (Doc. 14).  To date, Petitioner has not responded or opposed the motion to dismiss.

7                                                    **DISCUSSION**

8            A.  Procedural Grounds for Motion to Dismiss

9            Respondent has filed a Motion to Dismiss the petition as being untimely.  Rule 4 of the Rules

10   Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

11   the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

12   district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

13          The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

14   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

15   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

16   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

17   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

18   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

19   Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

20   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

21          In this case, Respondent's Motion to Dismiss is based upon a violation of 28 U.S.C. §

22   2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in

23   procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state

24   procedural default and because Respondent has not yet filed a formal Answer, the Court will review

25   Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

26          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

27          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

28   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).   The instant petition was filed on August 5,  2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner challenges the denial of parole eligibility at a BPH hearing on July 7, 2005.  The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.  Thus, the statute of limitations begins to run the day following a petitioner's notification

1   of the parole board's decision.  Id.  Where the date Petitioner received notice of the parole board's

2   hearing is not part of the record,  Shelby rejected the notion that remand for an evidentiary hearing

3   was required to determine the date on which a petitioner found out about the hearing, apparently

4   establishing instead a presumption that an inmate will in fact receive notice on the day the denial is

5   issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts

6   that presumption:

7          "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his
           administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
8          the limitation period began running the next day."

9   Shelby, 391 F.3d at 1066.

10          The BPH's decision indicates that it would become final 120 days after the July 7, 2005

11   hearing, or on November 4, 2005.  (Doc. 1, pt. 2, p. 94).  Accordingly, Petitioner would have been

12   aware of the factual predicate for his claim, i.e., that the BPH had denied him parole eligibility, *no

13   later than* November 4, 2005.  Thus, the one year period would have commenced the following day,

14   on November 5, 2005, and would have ended 365 days later, on November 4, 2006.

15          As mentioned, the instant petition was filed on August 5, 2008, twenty-one  months after the

16   date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

17   equitable tolling, the instant petition is untimely and should be dismissed.

18          C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

19          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

20   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

21   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

22   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

23   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

24   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

25   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

26   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

27   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

28   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

4

1   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

2   (9th Cir. 1999).

3   　　　Nevertheless, there are circumstances and periods of time when no statutory tolling is

4   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

5   appeal and the filing of an application for post-conviction or other collateral review in state court,

6   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

7   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

8   a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

9   federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

10  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

11  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

12  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

13  ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

14  state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

15  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

16  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

17  　　　The record before the Court indicates that Petitioner filed the following state habeas petitions

18  that, Respondent concedes for purposes of this motion, were entitled to statutory tolling as "properly

19  filed" under the AEDPA: (1) filed in the Superior Court for the County of Los Angeles on June 21,

20  2006, and denied on January 17, 2007 (Doc. 14, Exs. 2 & 3); (2) filed in the California Court of

21  Appeal, Second Appellate District, on May 9, 2007, and denied on June 6, 2007 (Id., Exs. 4 & 5);

22  and (3) filed in the California Supreme Court on August 19, 2007, and denied on February 27, 2008.

23  (Id., Exs. 6 & 7).

24  　　　As mentioned, the one-year period commenced on November 5, 2005 and continued to run

25  until Petitioner filed his first state habeas petition on June 21, 2006, a period of 228 days, leaving

26  137 days remaining on the one-year period.  The one-year period was then statutorily tolled

27  throughout the pendency of the three state petitions until the California Supreme Court denied

28  Petitioner's last state petition on February 27, 2008.  The one-year period then re-commenced the

1   following day, on February 28, 2008, and continued to run unabated until it expired 137 days later,

2   on July 14, 2008.   As mentioned, the instant petition was filed on August 5, 2008.  Thus, the most

3   charitable interpretation of the AEDPA's statutory tolling still leaves the petition untimely by

4   twenty-two days.

5          D.  Equitable Tolling

6          The limitation period is subject to equitable tolling when "extraordinary circumstances

7   beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

8   410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

9   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

10  claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

11  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

12  establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

13  extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

14  1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

15  the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

16  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

17  1107.

18         Here, Petitioner has made no claim of entitlement to equitable tolling nor does he make any

19  allegation that "extraordinary circumstances" prevented him from timely filing the instant petition.

20  Indeed, Petitioner failed to respond or oppose the allegation of untimeliness in Respondent's motion

21  to dismiss in any way.  After reviewing this record, the Court is unaware of any extraordinary

22  circumstances that prevented Petitioner from filing his petition in a timely manner.  Thus, the Court

23  finds that Petitioner is not entitled to equitable tolling.  Accordingly, the petition is in violation of 28

24  U.S.C. § 2244(d)(1) and should be dismissed.

25                              **RECOMMENDATION**

26         Accordingly, for all of these reasons, the Court HEREBY RECOMMENDS that

27  Respondent's motion to dismiss (Doc. 14), be GRANTED and that the petition for writ of habeas

28  corpus (Doc. 1), be DISMISSED as untimely.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __**September 17, 2009**__                              _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE